NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

FELICIA TREMBATH, *Petitioner/Appellant*,

*v.*

AARON TREMBATH, *Respondent/Appellee*.

No. 1 CA-CV 25-0140 FC

FILED 07-14-2026

Appeal from the Superior Court in Maricopa County
No. FC2023-004958
The Honorable Glenn A. Allen, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Modern Law, PLLC, Mesa
By Billie Tarascio
*Counsel for Petitioner/Appellant*

Aaron Trembath, Mesa
*Respondent/Appellee*

---

**MEMORANDUM DECISION**

Vice Chief Judge David D. Weinzweig delivered the decision of the Court, in which Presiding Judge Michael J. Brown and Judge Veronika Fabian joined.

---

**W E I N Z W E I G**, Vice Chief Judge:

**¶1**   Felicia Trembath ("Mother") appeals the superior court's dissolution decree, challenging its award of parenting time and legal decision-making, its division of the marital estate and its denial of her request for attorney fees. We affirm in part and vacate and remand in part.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**   Mother and Aaron Trembath ("Father") married in 2004 and share one minor child, Logan (a pseudonym), born September 2009.[1] Father left the family for long stretches beginning in 2013 and then abandoned them in 2016 to start a food truck business in Utah. Father visited the family only once over the next seven years and only called Mother about insurance issues.

**¶3**   In 2023, Father reached out after learning that Logan had attempted suicide and been hospitalized. Logan answered, and they reconnected.

**¶4**   Although Mother supported their renewed relationship, she questioned Father's commitment to Logan's medical care. Logan suffered from a litany of medical conditions and needed ongoing daily care. And when Mother needed Father's input on medical issues, he did not timely respond.

**¶5**   Logan visited his paternal family in Utah. But he returned to Arizona destabilized and off his medication, and he tested positive for marijuana.

**¶6**   Mother petitioned to dissolve the marriage, and the superior court held a trial in October 2024. The parties contested legal decision-

---

[1]  Mother and Father share an adult child who is not involved in this appeal.

making authority, parenting time, child support, asset and debt division and attorney fees. Mother wanted sole legal decision-making, supervised visitation for Father in Arizona, half the community interest in Father's food truck business, equal division of her credit card debt and student loans, and attorney fees from Father for litigating unreasonably. Father wanted sole legal decision-making and supervised parenting time for Mother.

¶7        The superior court's dissolution decree awarded the parties joint legal decision-making with Mother holding final authority. It gave Father one weekend of parenting time each month, plus half of all holidays and vacations, which he could exercise in Utah or Arizona. The court did not divide Father's interest in the food truck business. And despite hearing testimony from both parties, it found "no community debts were identified for allocation," reasoning that Mother "listed various debts in her [affidavit of financial information] but failed to provide any evidence whatsoever to corroborate the existence of these debts or when they were incurred." Last, the court denied Mother's attorney fee request, finding she had greater resources and both parties acted unreasonably.

¶8        Mother timely appealed. We have jurisdiction. A.R.S. §§ 12-120.21(A)(1), -2101(A)(1).

## DISCUSSION

¶9        Mother argues the superior court erroneously (1) found she presented no corroborating evidence of the community debts, (2) failed to divide Father's food truck business, (3) decided parenting time and legal decision-making against the weight of the evidence, and (4) denied her request for attorney fees.

¶10        Father did not file an answering brief, which we may construe as a confession of error when the opening brief presents debatable issues. *See Savord v. Morton*, 235 Ariz. 256, 259, ¶ 9 (App. 2014). A debatable issue exists when there is "at least grave doubt" about the superior court's order. *Williams v. Ariz. Dep't of Econ. Sec.*, 261 Ariz. 303, 315 ¶ 56 (App. 2025). We will not apply a confession of error, however, when a child's best interests are at stake. *Nold v. Nold*, 232 Ariz. 270, 273, ¶ 10 (App. 2013).

## I.    Division of Debt.

¶11        Mother argues the superior court erroneously found she failed to present evidence corroborating the credit card debt and student loans listed in her affidavit of financial information. We review de novo

whether property is separate or community. *Kim v. Pak*, 258 Ariz. 594, 596, ¶ 7 (App. 2024).

**¶12** The superior court's division of marital property in a dissolution proceeding "shall assign each spouse's sole and separate property to such spouse" and "shall also divide the community, joint tenancy and other property held in common equitably, though not necessarily in kind[.]" A.R.S. § 25-318(A). The law presumes that debts either spouse incurs during marriage are community obligations. *See Flower v. Flower*, 223 Ariz. 531, 537, ¶ 24 (App. 2010). "[T]he party who contends otherwise has the burden of overcoming the presumption by clear and convincing proof." *Lorenz-Auxier Fin. Grp., Inc. v. Bidewell*, 160 Ariz. 218, 220 (App. 1989).

**¶13** Here, the superior court found Mother presented no corroborating evidence to prove her credit card debt and student loans were incurred during the marriage. That was error. Testimony is evidence when presented under oath. *See e.g.*, *Maricopa Cnty. Juv. Action No. JV131701*, 183 Ariz. 481, 482 n.1 (App. 1995) ("In a contested hearing, testimony is evidence from a witness who is under oath and subject to cross-examination."). Mother testified that she used the credit cards for medical and living expenses during the marriage. She received the student loans between 2006 and 2016—during the marriage—to pay for the family's living expenses and Father's education. Mother clarified the loans were in her name because she was a graduate student with a stipend and received more favorable loan terms than Father, who was an undergraduate. What is more, Mother's affidavit, which listed the credit card debt and student loans, was admitted into evidence.

**¶14** For his part, Father did not challenge when Mother incurred the debt, and he conceded he was "happy to take debts that were generated." Father only insisted he was not responsible for Mother's student loans because he would not benefit from her degree.

**¶15** The superior court erroneously found that Mother failed to present corroborating evidence of the debts. Because the court never reached whether Father proved the debt was separate or how to divide it equitably, we vacate the court order declining to divide the debt and remand for further findings.

## II.    Division of Father's Food Truck Business.

**¶16** Mother next argues the superior court failed to divide Father's interest in the food truck business. When community assets are

omitted from a dissolution decree, the parties hold them as tenants in common. A.R.S. § 25-318(D) ("The community, joint tenancy and other property held in common for which no provision is made in the decree shall be from the date of the decree held by the parties as tenants in common, each possessed of an undivided one-half interest.").

**¶17** Because the food truck business was created during the marriage and the dissolution decree does not divide the business interest, Mother and Father share it as tenants in common. Each party now owns an undivided one-half interest in the business until the court divides it by agreement or court order. To divide the interest by court order, Mother may move for relief from the decree or file a civil action. *See* Ariz. R. Fam. Law P. 85; *Dressler v. Morrison*, 212 Ariz. 279, 281–82, ¶¶ 12–14 (2006).

### III.   Parenting Time and Legal Decision-Making Authority.

**¶18** Mother argues the evidence did not support the superior court's parenting time and legal decision-making orders. We review the court's legal decision-making and parenting time orders for an abuse of discretion. *Nold*, 232 Ariz. at 273, ¶ 11. An abuse of discretion occurs when no reasonable evidence supports the court's decision. *Little v. Little*, 193 Ariz. 518, 520, ¶ 5 (1999). We do not reweigh the evidence presented to the superior court but instead defer to its "determinations of witness credibility and the weight given to conflicting evidence." *Lehn v. Al-Thanayyan*, 246 Ariz. 277, 284, ¶ 20 (App. 2019).

**¶19** Arizona courts must decide legal decision-making and parenting time "in accordance with the best interests of the child," which turn on "all factors that are relevant to the child's physical and emotional well-being," including the nonexclusive factors listed in A.R.S. § 25-403(A). A child's best interests presumptively include "[t]o have substantial, frequent, meaningful and continuing parenting time with both parents," and absent evidence to the contrary, "[t]o have both parents participate in decision-making about the child." A.R.S. § 25-103(B).

**¶20** We discern no abuse of discretion. The record supports the superior court's detailed § 25-403 best interests findings. The court reasonably concluded that joint legal decision-making, with limited parenting time for Father, served Logan's best interests. Father has maintained a consistent presence in Logan's life since resurfacing in 2023 and Logan wants to rebuild their relationship.

**¶21** Mother argues the evidence does not support the superior court's ruling because Father was unfamiliar with Logan's medical issues

and struggled to respond promptly to medical inquiries. The decree addressed those concerns. Father must provide Logan's medication during his parenting time. Violating that order will suspend all of Father's parenting time. The court also stated if Father failed to respond to non-emergency matters within 72 hours, Mother could proceed without his input.

## IV.  Attorney Fees.

¶22      Mother last challenges the superior court's denial of her request for attorney fees. We review an award of attorney fees for an abuse of discretion. *Myrick v. Maloney*, 235 Ariz. 491, 494, ¶ 6 (App. 2014).

¶23      Section 25-324 authorizes the superior court to award attorney fees after it weighs the parties' financial resources and how reasonable their positions were throughout the proceedings.

¶24      Mother argues the superior court abused its discretion because Father was more unreasonable and she does not have considerably more resources. We discern no abuse of discretion because the court accounted for Father's unreasonable positions and Mother no longer bears her entire student loan debt. *See In re Marriage of Williams*, 219 Ariz. 546, 550, ¶ 15 (App. 2008) ("It is for the trial court to determine how much weight to give each of these factors.").

¶25      Mother requests her attorney fees on appeal under A.R.S. § 25-324, which we decline in our discretion.

## CONCLUSION

¶26      We vacate the superior court's division of debt and remand for additional findings. We affirm the court's legal decision-making and parenting time orders and denial of attorney fees. We take no action regarding the food truck business.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR